**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIE NAGOSHI,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **vs.** | § | |
| | § | |
| **UNIVERSITY OF TEXAS AT** | § | |
| **ARLINGTON,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**PLAINTIFF'S FIRST ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Julie Nagoshi, hereinafter called Plaintiff, complaining of University of Texas at Arlington hereinafter called Defendant or "UTA" and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff Julie Nagoshi is a citizen of the United States and the State of Texas.

2.      Defendant University of Texas at Arlington is a public university located in the State of Texas.

**JURISDICTION AND VENUE**

3.      The action arises under a federal question pursuant to a federal statute.  Jurisdiction and venue is proper under 28 U.S.C.§§ 1331 and 1343(3)and 42 U.S.C. 2002e-16.

**NATURE OF ACTION**

4.      This is an action under Title VII, 42 U.S.C. Section 2000e *et. seq*. as amended by the CIVIL RIGHTS ACT of 1991 to correct the unlawful employment practices against Plaintiff to wit

retaliation for having reported and opposed sexual harassment by a fellow employee while employed by Defendant.

## CONDITIONS PRECEDENT
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.    All conditions precedent to jurisdiction have occurred.

6.    Petitioner has the right to file a civil action in the appropriate United States District Court because Plaintiff filed an EEOC charge within 300 days of the actions complained of alleging retaliation (EEOC Charge No. 450-2016-03349). Plaintiff has filed this suit within 90 days of having received the EEOC's Notice of Right to Sue (dated July 5, 2016).

## FACTS

7.    Plaintiff, Julie Nagoshi, is a female citizen of the United States.

8.    Plaintiff Nagoshi was at all relevant times employed by Defendant University of Texas Arlington.

9.    Plaintiff began teaching at the Defendant's School of Social Work in August of 2013 on a tenure track position.

10.    Plaintiff worked in the School of Social Work and performed in an exceptional manner during the 2013–2014 school year. In the fall of 2014 she received a stellar review for her first year of employment with the University that resulted in a merit raise.

11.    In March of 2015, Plaintiff's second year of employment, UTA hired Kim Davidson as a research coordinator to support faculty in the School of Social Work.

12.    Ms. Davidson, during her employment at UTA, began a pattern of sexually harassing Plaintiff, engaging in such conduct as:

> a.    On June 15, 2015, Plaintiff and Ms. Davidson were on a business trip to Phoenix, AZ. During this trip Ms. Davidson went to Plaintiff's room. While

in Plaintiff's room, Ms. Davidson got into Plaintiff's bed and began fondling her. Plaintiff told Ms. Davidson to stop, not to touch her, to get out of her bed and not to ever do that again.

b.   On July 3, 2015 Ms. Davidson told Plaintiff that she was still seeking a girlfriend relationship with Plaintiff to which Plaintiff replied that she wanted to continue to be friends but not more than that.

c.   On July 4, 2015, Ms. Davidson texted Plaintiff telling Plaintiff, among other things, that she keeps going over the conversation of July 3rd, where Plaintiff told her that she cared about her but didn't want more than that.

d.   On July 7, 2015, Ms. Davidson harassed Plaintiff by making continuing calls wanting to know where Plaintiff was thus interrupting Plaintiff's work.

13.   On July 8, 2015, Plaintiff's husband, Craig Nagoshi received a voice mail from Ms. Davidson stating that she did not have sex with Julie and that Plaintiff had repeatedly told Ms. Davidson that she doesn't want a sexual relationship with her. During this message, Ms. Davidson apologizes for falling in love with Plaintiff.

14.   On July 23, Plaintiff reported to John Bricout, Associate Dean for Research and Community Outreach and Ms. Davidson's boss, about the unwanted advances by Ms. Davidson.

15.   Despite Plaintiff's rebuffs of Ms. Davidson and her report to Bricout, Ms. Davidson continued to harass Plaintiff.

16.   On July 27, 2015 Ms. Davidson sent numerous texts and phone messages to Plaintiff which caused Plaintiff to become concerned about Ms. Davidson's mental state. Plaintiff went to Ms. Davidson's residence where she found Ms. Davidson unconscious.

17.   On July 28, 2015, Plaintiff and her husband met with John Bricout who reported that he was going to get Scott Ryan, Dean of the School of Social Work and Human Resources involved.

18.   On August 4, 2015 Plaintiff met with Eddie Freeman, Executive Director of Employment & Equal Opportunity, to present her claim of sexual harassment.

19.  On August 6, 2015, a formal sexual harassment form was submitted to Defendant.

20.  On September 10, 2015, at 3:36 p.m. Eddie Freeman e-mailed to Plaintiff the final report of the investigation into her complaints.  The report stated that Plaintiff's complaint was unfounded and that the relationship between Plaintiff and Ms. Davidson was consensual.

21.  At 3:48 p.m. the same day Scott Ryan e-mailed Plaintiff and requested that she meet with him the next day, September 11th at 9:00 a.m.

22.  During the meeting on the 11th, Plaintiff was told by Scott Ryan that she needed to submit her resignation or the University would start termination procedures.  Ryan gave Plaintiff no reason for the ultimatum.

23.  After the meeting on September 11, Plaintiff e-mailed Ryan to ask for the reasons for her termination and the appeals process.  Ryan called Plaintiff and told her the following:

a.  He had already met with the Provost and University counsel to confirm that they have ample grounds to terminate her;

b.  There is an appeals process but it would only start after termination procedures were started, which would be a black mark on Plaintiff's employment record and jeopardize Plaintiff's job prospects at any other universities; therefore it would be better for her to resign in which case there would be no record in her human resources file;

c.  Plaintiff could not talk with the Provost or University counsel about this; and

d.  He would allow her to stay at her job until the end of the semester, as long as her resignation was submitted by 9:00 on September 14, 2015.

24.  Based on the threats made by Ryan, the Plaintiff submitted her resignation on September 13, 2015 with an effective final date of employment of December 15, 2015.

## COUNT I - RETALIATION

25.  Plaintiff hereby incorporates paragraphs 1 through 24 by reference.

26.  Plaintiff was subject to unwelcome sexual harassment in the workplace from

Defendant, UTA, by and through Defendant's supervisors and agents.

27.    The harassment to which Plaintiff was subjected was unwelcome and humiliating.

28.    Defendant UTA, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because she engaged in activity protected by Title VII. Specifically, after Plaintiff reported sexual harassment to Defendant, Defendant forced her to resign.

29.    Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

30.    Plaintiff hereby incorporates paragraphs 1 through 29 by reference.

31.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described herein above:

    a.    All damages to which Plaintiff may be reasonably hereby entitled;

    b.    All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

    c.    Back pay from the date that Plaintiff was terminated in an amount to compensate Plaintiff as the Court deems equitable and just;

    d.    All reasonable and necessary costs incurred in pursuit of this suit;

    e.    Emotional pain;

    f.    Expert fees as the Court deems appropriate;

    g.    Reinstatement or front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    h.    Inconvenience;

    i.    Prejudgment interest;

    j.    Loss of enjoyment of life;

      k.     Mental anguish in the past;

      l.     Mental anguish in the future;

      m.    Loss of benefits.

## JURY TRIAL DEMAND

32.    Plaintiff requests a jury trial on all questions of fact raised by her Complaint.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dr. Julie Nagoshi, respectfully prays that the Defendant UTA be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendant, for actual damages together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**THORPE, HATCHER & WASHINGTON, PLLC**
2214 Main Street
Dallas, Texas 75201
214/969-5500
214/969-9060 FAX
thwlaw@airmail.net

By: /s/Carla S. Hatcher
      Steven B. Thorpe
      State Bar No. 19990500
      Carla S. Hatcher
      State Bar No. 09219500

**ATTORNEYS FOR PLAINTIFF**